IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BROCK ANDREW STARKEY | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv104 |
| MARK ROBERTS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

On September 28, 2022, the magistrate judge entered an order directing Plaintiff to either pay the $402.00 filing fee or submit an Application to Proceed *In Forma Pauperis*.  Plaintiff has filed a response to the order (Doc. #61).  Interpreted liberally, Plaintiff's response is construed as a motion to reconsider the order.  This memorandum opinion considers such motion.

Analysis

In accordance with 28 U.S.C. § 636(b)(1)(A), a judge of the court may reconsider any pretrial matter referred to a magistrate judge under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

The above-styled action was transferred to this court from the United States District Court for the Southern District of Texas after defendants Mark Roberts and Tawona Holmes were severed from another lawsuit filed by Plaintiff involving multiple defendants and claims.  *See Starkey v. Collier*, No. 4:19cv4055 (S.D. Tex. 2022) (Doc. #51).  Plaintiff objects to the magistrate judge's order, asserting that he paid the filing fee in the United States District Court for the Southern District of Texas before the court severed the defendants in this action from the previous lawsuit and transferred the claims against such defendants to this court.

Having examined the allegations in Plaintiff's objections and the file in this action, the undersigned finds no support for Plaintiff's motion for reconsideration.  The order of the magistrate judge is neither clearly erroneous nor contrary to law.  Further, Plaintiff is incorrect in his assertion that he should not have to pay the filing fee for this action.

In light of the fee provisions of the Prison Litigation Refore Act ("PLRA"), courts have discouraged the joinder of multiple unrelated claims and parties to avoid paying the filing fee by creative joinder.  *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding severance in multi-plaintiff prisoner action proper to prevent plaintiffs from circumventing PLRA's unambiguous requirement that each plaintiff must pay the full filing fee); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).  "[I]n the context of prisoner-litigation, ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the Prison Litigation Reform Act."  *Spurlock v. Jones*, No. 2:16cv1031, 2016 WL 744364 (W.D. La. Dec. 22, 2016).  Accordingly, Plaintiff's objections are without merit.

For the reasons set forth above, Plaintiff's objections lack merit and should be overruled.  The court finds the order of the magistrate judge neither clearly erroneous nor contrary to law.  Accordingly, it is

**ORDERED** that Plaintiff's objections to the order are **OVERRULED**, and Plaintiff's motion for reconsideration is **DENIED**.  It is

**ORDERED** that Plaintiff shall, within twenty (20) days from the date of this order, either pay the $402.00 filing fee or submit an Application to Proceed *In Forma Pauperis* and a statement certified by an authorized prison official showing the average balance in, and deposits into,

Plaintiff's inmate trust account for the preceding six months.  Plaintiff is notified that failure to comply with this order may result in this case being dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b) with or without further notice.

      **SIGNED** this the **9** day of **November, 2022.**

Thad Heartfield
United States District Judge